IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STACEY BERNARD MARTIN, BJM, MINOR CHILD;<br>   *Petitioner*<br><br>-vs-<br><br>TONJA OCHONMA, CHARLES OCHONMA,<br>   *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-25-CV-00530-XR |

## ORDER

Before the Court is *pro se* Petitioner Stacey Martin's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Hearing on Habeas Corpus (ECF No. 2). Upon review, the Court orders Martin's Petition **DISMISSED WITH PREJUDICE** (ECF No. 1) and **DENIES** the Motion for Hearing (ECF No. 3) as **MOOT**.

## BACKGROUND

Martin petitions for a Writ of Habeas Corpus under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). ECF No. 1 at 1. Alternatively, Martin asks the Court to refer this action to the appropriate federal statute if the UCCJEA is not the appropriate statute. *Id*. Martin files his petition for what appears to be a child custody dispute and allegations that state courts have refused to issue orders for the return of his minor child. *Id*. at 1–10. In his petition, Martin asks this Court to "take jurisdiction of this case from this point on and find in his favor and return his minor son back to his custody and void all State Court Orders affording Tonja Ochonma and Charles Ochonma any parental rights to his child." *Id*. at 10. Martin previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 28, 2025, in *Martin v. Ochonma*

*et al*, No. 5:25-cv-463-XR, 2025 WL 1392085, (W.D. Tex. May 9, 2025), seeking relief for the same child custody dispute. This Court dismissed that case with prejudice, explaining that the Court lacked subject matter jurisdiction as Martin was not in custody (or alleged that he was ever imprisoned or in custody) at the time he filed his petition.

**DISCUSSION**

This Court "ha[s] a continuing obligation to examine the basis for [its] jurisdiction. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Martin's Petition for Writ of Habeas Corpus fails for multiple reasons. The Court addresses each in turn.

First, Martin has filed his petition pursuant to the UCCJEA. His claim fails because the UCCJEA is a state statute that does not provide a federal right of action. *Willford v. Ballard*, No. CV 19-751-JWD-EWD, 2020 WL 6277303, at *2 n.14 (M.D. La. Aug. 24, 2020), *R. & R. adopted*, No. CV 19-751-JW-EWD, 2020 WL 6276954 (M.D. La. Oct. 26, 2020) ("the UCCJEA does not create any federal right of action, as it is a state procedural act."); *Bangle v. Bangle*, No. 4:14-CV-240-O, 2014 WL 12584311, at *1 (N.D. Tex. Apr. 22, 2014), *R. & R. adopted*, No. 4:14-CV-240-O, 2014 WL 12580469 (N.D. Tex. May 13, 2014) (same).

Second, this Court cannot "assume jurisdiction" of the case regarding the custody of Petitioner's child. It is well-established that federal courts do not have jurisdiction to decide domestic relations disputes. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (noting that "[a]s a general rule, federal courts refuse to hear 'suits

for . . . child custody . . . ."); *Saloom v. Texas Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426, 429–30 (5th Cir. 2014) (stating that the "domestic relations exception" to federal jurisdiction "applies to prevent federal courts from issuing or modifying 'a divorce, alimony, or child custody decree'") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)).

Third, to the extent state courts have made any "final judgment" in Martin's child custody dispute, the *Rooker-Feldman* doctrine bars an individual from filing a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Martin provides that his rights to custody were terminated in July 2024. ECF No. 1 at 8. It is not clear from Martin's petition whether a final child custody decision has been made—to the extent that decision has been issued, the Petitioner cannot use this Court to collaterally attack any such decision.

Lastly, as the UCCJEA is not a viable claim (for the reasons stated above), Martin has requested that in the event the UCCJEA is not the appropriate statute, "refer this action to the appropriate federal statute under the United States Code . . . ." *Id*. at 1. As the Court explained in its dismissal order of Petitioner's previously filed case (5:25-cv-463-XR), federal courts may grant habeas relief under 28 U.S.C. § 2241 only if the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "The term 'custody' refers to individuals who, as a result of a criminal conviction, are subject to 'substantial restraints not shared by the public generally.'" *Stewart v. Downey*, No. 14- 2901 CW, 2013 WL 5423795, at

*1 (N.D. Cal. Sept. 27, 2013), *aff'd*, (Mar. 12, 204) (citing *Lehman v. Lycoming Cnty Children's Servs. Agency*, 458 U.S. 502, 510 (1982)). "For a Court to have habeas jurisdiction under § 2241, the prisoner must be in custody at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. U.S. Dept. of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (citation and internal quotations omitted). Martin, as the Petitioner, has the burden of showing that this Court has jurisdiction over this matter. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Here, at the time of the filing, Martin resided in San Antonio, Texas. ECF No. 1 at 2. Martin does not allege that he was ever imprisoned or in custody. Thus, as Martin is not in custody for purposes of § 2241, the petition must be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Martin's Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that Martin's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE** as this Court lacks jurisdiction and any attempts to amend and refile the petition are futile.[1] **IT IS FURTHER ORDERED** that Martin's motion for a Hearing on Habeas Corpus Writ (ECF No. 3) is **DENIED** as **MOOT**.

The Clerk is **DIRECTED** to mail a copy of this Order to the Petitioner at the following address:

Stacey Bernard Martin
119 Dobbs
San Antonio, Texas 78237

The Clerk is **DIRECTED** to **CLOSE** this case.

---

[1] Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed," *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citation omitted). However, "[a] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (footnote omitted).

It is so **ORDERED**.

**SIGNED** this 19th day of May, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE